# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

WAYNE RJ NOWACKI,

    Plaintiff,

  v.

BURGER KING WORLDWIDE, INC. et al.,

    Defendant.

**No. CV-25-38-H-JTJ**

**ORDER**

Plaintiff Wayne RJ Nowacki ("Nowacki") filed claims against Defendant Burger King Company LLC ("Burger King") in Montana state court on March 8, 2025. (Doc. 6.) Burger King removed the action to federal court. (Doc. 1.) Nowacki's claims arise out of various incidents relating to his previous employment at Burger King. (Doc. 6.) Burger King has filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and 12(b)(1). (Doc. 26.) Burger King argues that Nowacki's complaint fails to allege sufficient facts to state a claim of relief. (Doc. 27 at 3.) Nowacki failed to file a response.

Burger King also filed a motion to strike numerous notice's filed by Nowacki. (Doc. 28.) Burger King contends that Nowacki's notices and an "Amended Document" do not comply with the Federal Rules of Civil Procedure or the Court's Local Rules. (Doc. 29 at 2.) Nowacki filed a response on July 10, 2026. (Doc. 35.) The Court will address each motion in turn.

1

## FACTUAL BACKGROUND

Nowacki filed his complaint against Burger King alleging misconduct during Nowacki's employment at Burger King in Helena, Montana. (Doc. 6.) Nowacki's allegations relate to his pay, workplace treatment, and conduct engaged in by other Burger King employees and management. (*Id*.)

Nowacki alleges that Burger King did not pay him on August 16, 2024, as required. (*Id*. ¶ 1.) Nowacki claims that a manager at Burger King lied to him about where his missing paycheck was. (*Id*. ¶ 2.) Nowacki contends that he continued working at Burger King while improperly labeled as a "non-active" employee. (*Id*. ¶ 3.) Nowacki further alleges that co-workers and management personnel threatened him, discriminated against him, and created a harmful workplace. (*Id*. ¶ 4.) Nowacki contends that co-workers lied to him, signed his name without authorization, created a group chat with him without his consent, and obtained improper access to his "accounts". (*Id*. ¶ 3.) Nowacki contends that the actions by Burger King violated his rights, specifically his "right to religion," invaded his privacy, and constitute as slander. (*Id*. ¶ 5.) Nowacki seeks monetary damages in the amount of $150,000. (Doc. 27 at 3.)

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings. The Court applies the same standard to a Rule 12(c) motion as it does to a Rule 12(b)(6) motion. *Clements v. Comprehensive Sec. Servs., Inc.*, No.

CV-19-45-BU-BMM, 2020 WL 7249621, 2020 U.S. Dist. LEXIS 217980 (D. Mont. Nov. 5, 2020). Judgment on the pleadings proves appropriate when the moving party establishes that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). The Court must accept as true all allegations of fact by the nonmoving party. *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967).

## DISCUSSION

Burger King argues that Nowacki's complaint fails to provide sufficient factual detail to support a claim for relief. (Doc. 27 at 3.) Burger King seeks the Court to dismiss Nowacki's complaint pursuant to Fed. R. Civ. P. 12(c) and 12(b)(1). (*Id*.) Burger King also moves the Court to strike a number of filings by Nowacki. (Doc. 28.)

### I.    Burger King's Motion for Judgment on the Pleadings

Pursuant to D. Mont. L.R. 7.1(d)(1)(B), A party must respond to a motion within 14 days. As of the date of this order, Nowacki has not filed a response to Burger King's motion for judgment on the pleadings, which is ripe for ruling. "A failure to file a response brief may be deemed an admission that the motion is well taken." D. Mont. L.R. 7.1(d)(1)(B)(ii). Nowacki's failure to respond to Burger King's motion evidences a lack of prosecution of this action and an admission that Burger King's motion proves well-taken. The Court notes that Nowacki did file a response directed at Birger King's

3

motion to strike. (*See* Doc. 35.) Nowacki's response failed to address the merits of Burger King's motion for judgment on the pleadings.

Nonetheless, Burger King's motion for judgment on the pleadings is well-taken on the merits. Burger King contends that Nowacki's Complaint lacks the factual detail necessary to support his claims. (Doc. 27.) Nowacki's claims against Burger King do not include sufficient factual allegations to support his asserted causes of actions. Nowacki asserts instances of alleged misconduct by Burger King and co-workers. Nowacki's allegations fail to state a claim for relief. For example, Nowacki alleges that he was added to a group chat without his consent, invading his privacy. (Doc. 6.) Nowacki's invasion of privacy claim, however, does not meet the legal requisite that Burger King brought a matter of Nowacki's private life to the public that would be highly offensive to a reasonable person. (Doc. 27 at 5); *See also Bd. of Dentistry v. Kandarian*, 886 P.2d 954, 957 (Mont. 1994). Nowacki makes no claim that Burger King shared any of his information publicly. Nowacki alleges that others had access to his "accounts" but fails to identify what accounts other employees had access to for the Court to analyze the nature of any alleged invasion or if the others publicly disclosed information from these accounts.

Nowacki also alleges claims for slander and workplace misconduct. Slander is "a false and unprivileged publication other than libel" that includes the dissemination of statements that charge a person with a crime, impute a loathsome disease, tend

4

directly to injure the person in his profession or business, impute impotence or lack of chastity, or by natural consequence cause actual damage. Mont. Code Ann. § 27-1-803; *Anderson v. City of Troy*, 68 P.3d 805, 807 (Mont. 2003). Nowacki claims he was labeled incorrectly as a "non-active" employee. (Doc. 6.) Nowacki fails to allege sufficient factual allegations, however, that this "non-active" designation falls within the enumerated categories of slander or that it this designation caused actual damage to him or his professional reputation. Nowacki does not describe the nature of the "non-active" employee designation or how the designation came to be. Nowacki also makes allegations that Burger King withheld a paycheck from him in August 2024. (Doc. 6 at 1.) Nowacki fails to connect this allegation to any of his alleged causes of action of invasion of privacy, slander, right to religion, and being lied to by co-workers.

Lastly, Burger King argues that Nowacki failed to exhaust administrative remedies with regard to any Title VII discrimination claim and Montana Human Rights Act ("MHRA") workplace claim. (Doc. 27 at 11-16.) A plaintiff must file a charge with the EEOC before bringing suit pursuant to Title VII for workplace discrimination. *Brown v. Puget Sound Elec. Apprenticeship & Training TrustP*, 732 F.2d 726, 729 (9th Cir. 1984). Further, a plaintiff making discrimination claims under the MHRA must first file a claim in front of the Human Rights Bureau. *Borges v. Missoula Cnty. Sheriff's Office*, 415 P.3d 976, 981 (Mont. 2018) (citations omitted). Nowacki does not allege he either filed a charge or claim with the EEOC or the Montana Human Rights Bureau.

5

The Court determines that Burger King has established it is entitled to judgment as a matter of law. The Court grants Burger King's motion for judgment on the pleadings.

## II.    Burger King's Motion to Strike

Burger King moves the Court to strike the following filings filed by Nowacki as Notices or Amended Documents: Docs. 16, 17, 18, 19, 20, 21, 24, and 25. (Doc. 29 at 5.) Burger King contends that each of these filings was not attached or connected to any motion or pleading. (*Id*.) Burger King argues that these procedurally improper filings must be stricken from the record as the filings do not satisfy the Federal Rules of Civil Procedure or the Court's Local Rules. (*Id*.)  Because the Court has granted Burger King judgment on the pleadings, the Court denies Burger King's motion to strike Nowacki's filings as moot.

## ORDER

1. Burger King's Motion for Judgment on the Pleadings (Doc. 26) is **GRANTED**.

2. Nowacki's Complaint is **DISMISSED**. The Clerk is directed to close the matter.

3. Burger King's Motion to Strike (Doc. 28) is **DENIED** as moot.

6

DATED this 11th day of August 2026.


John Johnston
United States Magistrate Judge